UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | &#124; | CR 04-MJ-123 (RHK/JGL) |
| Plaintiff, | &#124; | |
| vs. | &#124; | **DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO REMAND FOR RESENTENCING** |
| WINSTON WENDALL BORDEN, | &#124; | |
| Defendant. | &#124; | |

_____

On March 16, 2004, Defendant/Appellant Winston Borden was indicted on three misdemeanor counts of failing to file income tax returns for 1997, 1998 and 1999. Borden scheduled a straight plea to the original indictment. Before he could enter his plea, the government filed a superseding indictment adding three additional failure-to-file counts for the years 2000, 2001 and 2002. By virtue of the additional charges, Borden's presumptive sentencing range under the guidelines increased by 6 months on each end.

Borden agreed to proceed before a magistrate and his case was assigned to Chief Magistrate Judge Lebedoff. On June 7, 2004, Magistrate Lebedoff denied Borden's motion to dismiss the superseding indictment for vindictive prosecution. The next day, Borden entered a straight plea to counts 1 through 3 of the superseding indictment, which mirrored the counts of the original indictment. During the change-of-plea hearing, Borden also admitted facts upon which the court later found him guilty of the additional charges leveled in counts 4 through 6 of the superseding indictment.

Borden challenged the constitutionality of the sentencing guidelines and objected to their use in determining his sentence in a September 15, 2004 pre-sentencing position pleading. The government acknowledged Borden's objections in its responsive position pleading, noting:

> Defendant Winston Borden objects to the use of the Sentencing Guidelines in this case. He relies on two vacated decisions of the Eighth Circuit and contends the Guidelines are unconstitutional.

*See* Supplemental Position of the Government With Respect to Sentencing Factors at 1. Magistrate Lebedoff likewise recognized Borden's objections during sentencing, stating: "The defense . . . [has] taken exception to the applications of the sentencing guidelines." Tr. of October 27, 2004 Sentencing Hearing at 3.[1]

After conducting an evidentiary hearing regarding disputed sentencing facts regarding Borden's acceptance of responsibility and diminished mental capacity, Magistrate Lebedoff sentenced Borden to 27 months in prison. In doing so, Magistrate Lebedoff acknowledged his duty to follow the then mandatory guidelines by stating: "I am dealing with the sentencing guidelines and I am doing my best to be fair to the public and to my sense of the necessity of accountability and also to you, to the extent I can do that, Mr. Borden." *Id.* at 85-86. Magistrate Lebedoff further explained:

> *I have to do what I have to do in light of my understanding about the* law, the *sentencing guidelines*, and my sense of accountability for the offense, which the offense is somewhat inexplicable to me. But I will explain that I have imposed the

---

[1] The government mistakenly suggests that by merely acknowledging the guidelines' status when Borden was sentenced, defense counsel waived any right to challenge their validity. Unlike the plea-bargain cases cited by the government, however, Borden never received anything in exchange for his straight plea. Nor did Borden explicitly and voluntarily expose himself to a specific sentence to procure the government's agreement to any specific sentencing calculation. Instead, Borden properly preserved his objections to the guidelines by making both the prosecutor and magistrate aware of his arguments before sentencing. *See United States v. Jones*, 209 F.3d 991, 997, n.3 (7th Cir. 2000).

>low range of the sentencing guidelines in response to both your public service and my overall sense of what occasioned these six separate violations of law.

*Id.* at 91 (emphasis added).

Borden timely appealed from his sentence, judgment of conviction and Magistrate Lebedoff's order denying his motion to dismiss the superseding indictment for vindictive prosecution. Under 18 U.S.C. § 3402 and Fed. R. Crim. P. 58, this Court has jurisdiction over the appeal.

Shortly before Borden's opening brief on the appeal was due, the United States Supreme Court issued its landmark decision holding that the mandatory sentencing guidelines scheme is unconstitutional. *United States v. Booker*, 543, U.S. ___, 125 S.Ct. 738, 2005 WL 147059 (2005). Because *Booker* renders the guidelines "effectively advisory," federal judges are no longer bound to impose sentences within mandatory ranges established by the guidelines. *United States v. Coffey*, ___ F.3d ___, 2005 WL 119843 at *4 (8th Cir. Jan. 21, 2005); *United States v. Hughes*, ___ F.3d ___, 2005 WL 147059 at *3 (4th Cir. Jan. 24, 2005).

The Supreme Court's remedial opinion in *Booker/Fanfan* applies to all cases on direct review, including both those presenting Sixth Amendment violations and others, such as this case, where defendants were sentenced under the mandatory guideline regime without suffering a constitutional violation. *Hughes*, 2005 WL 147059 at *4 (quoting *Booker*, 2005 WL 50108 at *29). Under *Booker/Fanfan*, Borden's sentence must be remanded for reconsideration by Judge Lebedoff. *Booker*, 125 S.Ct. at 769 (explaining that while Fanfan's case involved no Sixth Amendment issue, remand was nonetheless required to allow either party to "seek resentencing under the system set forth in today's opinions").

Insofar as the pending appeal has been neither briefed nor argued, an immediate remand will foster judicial economy by allowing Magistrate Lebedoff to decide whether resentencing is warranted under the new advisory guidelines sentencing regime and, if so, to proceed with such resentencing.  *United States v. Crosby*, ___ F.3d ___, 2005 WL 240916 at *11 (2nd Cir. Feb. 2, 2005).  Considering Magistrate Lebedoff's comments at sentencing along with his imposition of a term at the very bottom of the guideline range, any assumption that Borden would have received the same sentence post-*Booker* is both speculative and conjectural.  *United States v. Labastida-Segura*, ___ F.3d ___, 2005 WL 273315 at *2 (10th Cir. Feb. 4, 2005).  "Remand is the only appropriate way . . . to allow the parties to argue for the exercise of the district court's discretion as authorized by *Booker*."  *United States v. Hines*, 2005 WL 289593 at *8 (6th Cir. Feb. 7, 2005).

An immediate remand will give the parties and this Court the benefit of Judge Lebedoff's reasoning and determination under the new *Booker*-guided sentencing protocol.  Afterwards, either party can proceed with a renewed appeal to this Court.  *See Crosby*, 2005 WL 240916 at *13 (instructing that renewed appeals should be assigned to same panel as before remand).  Such an approach is consistent with that adopted by the circuit courts after *Booker/Fanfan*.  *See, e.g., United States v. Figueroa*, 2005 WL 221883 (9th Cir. Feb. 1, 2005)(unpublished opinion).

In *Figueroa*, the Ninth Circuit was confronted with cross-appeals by both the defendant and the government after the defendant pled guilty without the benefit of a plea agreement and was sentenced under the pre-*Booker* mandatory guidelines.  The myriad of issues raised by the defendant on appeal included sentencing entrapment and alleged errors for the trial court's rejection of a minor-role reduction and refusal to depart downward for overstated criminal history.  *See* Figueroa's opening brief (reprinted at 2004 WL 1682684 (June 7, 2004).  Conversely, the government appealed

4

the court's two-level downward departure based on "harsh conditions" endured by the defendant while in county confinement. *See* Government's combined answering and opening brief (reprinted at 2004 WL 1878143 (July 13, 2004). In a one-line decision, The Ninth Circuit vacated the sentence and remanded the case "so that the District Court can resentence Defendant in compliance with *Booker*." 2005 WL 221883 at *1. This Court should do likewise.[2]

                Respectfully submitted,

                **KELLEY & WOLTER, P.A.**

Dated: February 15, 2005      s/ Steven E. Wolter
                Douglas A. Kelley, #54525
                Steven E. Wolter, #170707
                Francis X. Hermann, #4443X
                Centre Village Offices, Suite 2530
                431 South Seventh Street
                Minneapolis, MN  55415
                (612) 371-9090

                Attorneys for Defendant/Appellant Winston Borden

---

[2] Contrary to the government's suggestion, an immediate remand will not waive the remaining issues set forth in Borden's pending appeal. The cases cited by the government for its proposition that an immediate remand will preclude later appellate review of Magistrate Lebedoff's other errors are readily distinguishable. Appellate courts have often explained their discretion to refuse to consider entirely new issues raised for the first time on a successive appeal after an initial remand for resentencing. There, judicial economy is thwarted by permitting review of issues that should have been "appropriately raised at the juncture of the original appeal" and included in the "particularized" and "exhaustive review" of all pending issues conducted by the appellate tribunal in the first instance. *See United States v. Kress*, 58 F.3d 370, 373-74 (8th Cir. 1995). Here, by contrast, Borden *has* raised the issues during the initial appeal. Assuming that an immediate remand is ordered, this Court will not decide the remaining issues at this juncture. For the reasons explained above, an immediate remand for resentencing will not hamper but instead *foster* judicial economy. Accordingly, no waiver of appellate issues will transpire.

5