```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA
                     MAG. NO. 04-MJ-123(JGL)
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | POSITION OF THE GOVERNMENT |
| | ) | WITH RESPECT TO RESENTENCING |
| | ) | |
| v. | ) | |
| | ) | |
| WINSTON BORDEN, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America, by and through its attorneys, Thomas B. Heffelfinger, United States Attorney for the District of Minnesota, and Michael L. Cheever, Assistant United States Attorney, submits this memorandum setting forth its position with respect to resentencing in the above-referenced case.

Defendant Winston Borden was sentenced on October 27, 2004, to 27 months imprisonment. The sentence was imposed from a guideline range from 27-33 months. At the time of sentencing, the guideline range was understood to be mandatory.

On January 12, 2005, the Supreme Court issued its decision in United States v. Booker, 125 S. Ct. 738 (2005). It held the federal guidelines' system of judge-found enhancements violated the Sixth Amendment as construed by Blakely. Id. at 749-50. To remove this Sixth Amendment impediment, the Supreme Court Excised Title 18 United States Code § 3553(b)(1), the provision of the Sentencing Reform Act that had made the Guidelines mandatory. Id. at 756-57. In so doing, the Supreme Court thereby rendered the Guidelines effectively advisory.

In this case, the guideline enhancement for tax loss was based on Borden's admission that the loss was between $200,000 and $325,000. Accordingly, there was no <u>Blakely</u> error in this case. However, because the guidelines were understood to be mandatory, rather than advisory, there was a <u>Booker</u> error. As a result, District Judge Kyle remanded this case for resentencing in accordance with the requirements of <u>Booker</u>. 2/17/05 Order.

Although advisory, the sentencing guidelines remain central to the sentencing procedures in federal court. As the Supreme Court stated in <u>Booker</u>: "The District Courts, while not bound to apply the Guidelines, must consult those guidelines and take them into account when sentencing". <u>Id.</u> at 767. A sentence within the guideline range is presumptively "reasonable" for purposes of appellate review. <u>See, e.g.</u>, <u>United States v. Mares</u>, 2005 W.L. 503715, *7 (5th Cir. Mar. for 2005) ("[I]t will be rare for the reviewing court to say [a sentence within the guideline range] is "unreasonable."). A sentencing judge must justify departing from the guideline range, and "the justificaiton has to be reasonable." <u>United States v. Paladino</u>, 2005 WL 435430, *6 (7th Cir. Feb. 25, 2005).

In this case, this Court exercised its discretion at sentencing to impose a sentence at the bottom of the guideline range. No further leniency is called for in this case.

Since the time of his sentencing, Borden has continued to ignore his legal obligations. As of March 7, Borden still had made

no additional payments on the more than $200,000 of income taxes he owes for the years 1996 through 2002. Borden also has not made any payment on the property taxes he owed as of October 15, 2004.

Moreover, it appears Borden engaged in a bit of a charade with this Court at his initial sentencing. Borden filed his tax return for 2003 just prior to his sentencing. In that return, he admitted owing an additional $27,318 in federal income taxes. But he did not pay any of those taxes when he filed his return. As of March 7, 2005, he had made no payment whatsoever on this amount. The government will be prepared to prove up this new information at the sentencing hearing.

This Court's sentence of 27 months apparently did not prompt Borden to change his attitude that he may ignore his legal obligations. He continues to disregard his tax obligations in spite of his significant wealth.

Borden's violations of the law are made less acceptable, not more acceptable, by his age, his training as an attorney, and the many advantages he has enjoyed over the years.

This Court should not alter its previous judgment. It should again impose the total sentence of 27 months imprisonment.

Respectfully submitted,

Dated:   March 25, 2005

THOMAS B. HEFFELFINGER
United States Attorney

s/ Michael L. Cheever

BY: MICHAEL L. CHEEVER
Assistant U.S. Attorney
Attorney I.D. # 192582