AO 245B (Rev. 12/03) Sheet 1 - Judgment in a Criminal Case

# United States District Court
### District of Minnesota

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>**Winston Wendall Borden** | **JUDGMENT IN A CRIMINAL CASE**<br>Case Number: 04-MJ-123(JGL)<br>USM Number: **11577-041**<br>Social Security Number: 6694<br>Date of Birth: 1943<br><br>**Douglas Kelley**<br>Defendant's Attorney |

**THE DEFENDANT:**

[**X**]   pleaded guilty to count(s): 1, 2, 3 of the Superseding Indictment on 6/8/2004.
[ ]   pleaded nolo contendere to counts(s) **which was accepted by the court** .
[**X**]   was found guilty on count(s) 4, 5, 6 of the Superseding Indictment on 6/22/2004 after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| Title 26 USC Sec. 7203 | Willful Failure to File a Tax Return | October 15, 1998 | 1 |
| Title 26 USC Sec. 7203 | Willful Failure to File a Tax Return | April 15, 1999 | 2 |
| Title 26 USC Sec. 7203 | Willful Failure to File a Tax Return | April 17, 2000 | 3 |
| Title 26 USC Sec. 7203 | Willful Failure to File a Tax Return | August 15, 2001 | 4 |
| Title 26 USC Sec. 7203 | Willful Failure to File a Tax Return | April 15, 2002 | 5 |
| Title 26 USC Sec. 7203 | Willful Failure to File a Tax Return | April 15, 2003 | 6 |

**The defendant is sentenced as provided in pages 2 through 7 of this judgment**. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]   The defendant has been found not guilty on counts(s)**.**
[ ]   Count(s) (is)(are) dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material change in economic circumstances.

| |
|---|
| **March 29, 2005** |
| Date of Imposition of Judgment |

| |
|---|
| s/Jonathan Lebedoff |
| Signature of Judge |

| |
|---|
| **JONATHAN LEBEDOFF**, Chief United States Magistrate Judge |
| Name & Title of Judge |

| |
|---|
| **March 31, 2005** |
| Date |

AO 245B (Rev. 12/03) Sheet 2 - Imprisonment

DEFENDANT:           WINSTON WENDALL BORDEN
CASE NUMBER:  04-MJ-123(JGL)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **27 months.**  The defendant is sentenced to 12 months imprisonment on Count 1, 12 months imprisonment on Count 2, and 3 months imprisonment on Count 3, to be served consecutively.  The defendant is sentenced to 12 months imprisonment on each of Counts 4 through 6, to be served concurrently with Count 1.

[**X**]   The court makes the following recommendations to the Bureau of Prisons:
To the extent possible, the BOP is directed to designate a facility for Defendant's incarceration that can provide treatment for his depression, ongoing assessment and rehabilitation for his cognitive decline, and regular programs for the treatment of his alcoholism.

[]   The defendant is remanded to the custody of the United States Marshal.

[]   The defendant shall surrender to the United States Marshal for this district.
 []  at   on .
 [] as notified by the United States Marshal.

[**X**]   The defendant, who is presently incarcerated at the Federal Prison Camp in Yankton, South Dakota, shall remain in the custody of the Bureau of Prisons:

# RETURN

I have executed this judgment as follows:

Defendant delivered on_____ to _____

a _____ , with a certified copy of this judgment.

United States Marshal

By _____
Deputy United States Marshal

Page 3

AO 245B (Rev. 12/03)  Sheet 3 - Supervised Release
___

DEFENDANT:              WINSTON WENDALL BORDEN
CASE NUMBER:  04-MJ-123(JGL)

# SUPERVISED RELEASE

     Upon release from imprisonment, the defendant shall be on supervised release for a term of  **12 months.**  The defendant is sentenced to 12 months of supervised release on each of Counts 1 through 6, all to be served concurrently with Count 1.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

[**X**]       The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

[**X**]       The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

[]       The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

[]       The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

[]       The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this Judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 12/03)  Sheet 3A - Supervised Release

DEFENDANT: WINSTON WENDALL BORDEN
CASE NUMBER: 04-MJ-123(JGL)

# SPECIAL CONDITIONS OF SUPERVISION

1. Defendant shall abstain from the use of alcohol and other intoxicants;

2. Defendant shall participate in a program for alcohol abuse as approved by the probation officer.  That program may include testing and inpatient or outpatient treatment, counseling, or a support group;

3. Defendant shall participate in a psychological / psychiatric counseling or treatment program, as approved by the probation officer;

4. Defendant shall take any prescribed medications as directed by a medical provider;

5. Defendant shall provide the probation officer access to any requested financial information, including credit reports, credit card bills, bank statements, and telephone bills;

6. Defendant shall be prohibited from incurring new credit charges or opening additional lines of credit without approval of the probation officer;

7. Defendant shall cooperate with the Internal Revenue Service to pay all outstanding taxes, interest, and penalties;

8. Defendant shall perform 60 hours of community service, as approved by the probation officer;

DEFENDANT:       WINSTON WENDALL BORDEN
CASE NUMBER:     04-MJ-123(JGL)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $150.00 | $6,000.00 | |

[ ]   The determination of restitution is deferred until . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[ ]   The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. §3664(i), all nonfederal victims must be paid before the United States is paid.

| Name and Address of Payee | **Total Loss | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
| TOTALS: | $0.00 | $0.00 | 0.00% |

**Payments are to be made to the Clerk, U.S. District Court, for disbursement to the victim.**

[ ]   Restitution amount ordered pursuant to plea agreement **$**.

[ ]   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[**X**]   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   [**X**]   the interest requirement is waived for the [**X**] fine [ ] restitution.

   [ ]   the interest requirement for the: [ ] fine  [ ] restitution is modified as follows:

**The Court has been advised that the $150.00 assessment and $6,000.00 fine have been paid.**

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.