IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

_____

No. 04-MJ-123 (RHK)

_____


UNITED STATES OF AMERICA,

Appellee,

v.

WINSTON WENDALL BORDEN,

Appellant.

_____

On Appeal From Magistrate Sentencing And Orders

_____

REPLY BRIEF OF APPELLANT

_____

Douglas A. Kelley, #54525
Steven E. Wolter, #170707
Daniel M. Scott, #98395
KELLEY & WOLTER, P.A.
Centre Village Offices, Suite 2530
431 South Seventh Street
Minneapolis, MN 55415
(612) 371-9090

Attorneys for Appellant Winston Borden

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT OF ISSUES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

ARGUMENTS:                                                                                     1

       I.     THE DISTRICT COURT'S LIMITED REMAND TO THE
             MAGISTRATE JUDGE FOR RECONSIDERATION OF
             THE SENTENCE FOLLOWING THE *BOOKER* DECISION
             DID NOT DEPRIVE THE COURT OF JURISDICTION TO
             CONSIDER THE REMAINING UNDECIDED ISSUES ON
             APPEAL

CONCLUSION                                                                                     3

Certificate of Service

ii

TABLE OF AUTHORITIES

**CASES:**                                                                                        **Page**

*Singleton v. Norris,* 319 F. 3d. 1018, 1022 (8th Cir. 2003)                                        2

*United States v. Booker,* 125 S.Ct. 738 (01-12-2005)                                                 1

*United States, Curtis,* 336 F. 3d. 666,669 (8th Cir. 2003)                                         2

*United States v. Lapsley,* 263 F. 3d. 839 (8th Cir. 2001)                                          2

*United States v. Lothridge,* 324 F. 3d. 599,601 (8th Cir. 2003)                                    2

## STATEMENT OF ISSUES

### I.

**BY GRANTING THE APPELLANT'S MOTION TO SUSPEND BRIEFING AND TO REMAND THE CASE BACK TO THE MAGISTRATE JUDGE FOR RECONSIDERATION OF SENTENCE, DID THE DISTRICT COURT PRECLUDE CONSIDERATION OF ANY OTHER ISSUES IN THE APPEAL?**

*United States, Curtis,* 336 F. 3d. 666,669 (8th Cir. 2003)

## ARGUMENT

### I.

**THE DISTRICT COURT'S LIMITED REMAND TO THE MAGISTRATE JUDGE FOR RECONSIDERATION OF THE SENTENCE FOLLOWING THE *BOOKER* DECISION DID NOT DEPRIVE THE COURT OF JURISDICTION TO CONSIDER THE REMAINING UNDECIDED ISSUES ON APPEAL.**

On January 27, 2005, the Defendant made a two part motion to the District Court. First he made a motion to remand the case to the Magistrate Judge for re-sentencing in accordance with the mandates of the Supreme Court in *United States v. Booker,* 125 S.Ct. 738 (01-12-2005). Second, he moved that the Court suspend the briefing schedule on the appeal to the District. The defendant was ultimately successful on both parts of the motion.

On January 28, 2005, the Court granted the motion to suspend the briefing schedule. After hearing from the Government the Court granted the motion for remand of the sentence in light of *Booker, supra:*

"Defendant/Appellant Borden's Motion to Remand for Resentencing  is **GRANTED**; the matter is remanded to Chief Magistrate Judge Jonathon Lebedoff for resentencing in accordance with the procedure announced by the United States Supreme Court in United States v. Booker, 534 U.S. ____, 125 S. Ct. 738, 2005 WL 147059 (January 12, 2005)." Order entered Feb. 17,2005 (Judge Richard H. Kyle).

At no time did the Court attempt to rule on any of the other possible issues, or to limit its consideration of other issues should the remand not produce a result acceptable to the parties. In fact, the government unsuccessfully invited the Court to find that the remand

1

would waive any remaining issues.

As a general rule the issues decided by an appellate court prior to a remand become the law of the case, and the sentencing court is bound to proceed within the limits of the remand. However issues to which the Court did not reach decision are not restricted from later review. *United States, Curtis,* 336 F. 3d. 666,669 (8th Cir. 2003). It is not unusual for an appellate court to remand an issue to the lower court while retaining jurisdiction over the appeal. *United States v. Lothridge,* 324 F. 3d. 599,601 (8th Cir. 2003), remand to the District Court for *de novo* review of Magistrate Judge's R&R; *Singleton v. Norris,* 319 F. 3d. 1018, 1022 (8th Cir. 2003),limited remand to District Court to make factual findings; *United States v. Lapsley,* 263 F. 3d. 839 (8th Cir. 2001), remand for limited purpose of conducting *in camera* hearing.

Like those cases the remand in this matter enabled the parties to bring the appeal with all of the issues decided by the trial court, rather than  piecemeal adjudication.

2

## CONCLUSION

For the foregoing reasons, Appellant Borden requests that the Court rule upon the issues raised in this appeal.

Respectfully submitted,

KELLEY & WOLTER, P.A.

s/ Daniel M. Scott
Douglas A. Kelley, #54525
Steven E. Wolter, #170707
By: Daniel M. Scott, #98395
Centre Village Offices, Suite 2530
431 South Seventh Street
Minneapolis, MN 55415
(612) 371-9090
Attorneys for Appellant