UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

United States of America,

      Plaintiff,                             Criminal No. 04-mj-123 (1) (RHK)

vs.                                           **ORDER**

Winston Wendall Borden,

      Defendant.

---

Defendant entered pleas of guilty to three counts of failing to file income tax returns and was found guilty, after a court trial, by Magistrate Judge Jonathan Lebedoff[1] of three additional counts of failure to file income tax returns. He appeals from the Court order on the latter counts and from his sentence on all counts.

Prior to sentencing, Magistrate Judge Lebedoff made the following determinations: (1) the base offense level, under the advisory guidelines, was 18, based on a "loss" which exceeded $289,000; (2) Defendant was <u>not</u> entitled to a 3-level reduction for "acceptance of responsibility"; and (3) Defendant's claim of diminished capacity was rejected. Based on the foregoing, the advisory guidelines range was established at 27 to 33 months' imprisonment. The Court imposed a 27-month prison term, determined by Judge Lebedoff to be "fair."

On this appeal, Defendant raises two issues:

---

[1] The misdemeanor case was assigned to a Magistrate Judge pursuant to 18 U.S.C. § 3401(a).

1. Did the lower court err in failing to dismiss the superseding indictment for vindictive prosecution or, alternatively, by failing to order discovery or conduct an evidentiary hearing after Borden made a *prima facie* showing of vindictiveness?; and

2. Did the lower court err in refusing to award Borden credit for acceptance of responsibility under U.S.S.G. § 3E1.1?

Having carefully reviewed all the files, records and proceedings herein, which included the briefs submitted by the parties and the transcripts of the proceedings before Judge Lebedoff, it is this Court's conclusion that Defendant's conviction and sentence should be summarily affirmed.

First, Defendant failed to present facts sufficient to establish a prima facie case of a vindictive prosecution by the Government. As Judge Lebedoff aptly states in his June 7, 2004 Order:

> The Court is satisfied that under the circumstances of this case, Defendant has not met his heavy burden of showing a realistic likelihood that the superceding indictment is either retaliation or punishment by the prosecutor. See United States v. Punelli, 892 F.2d 1364, 1371 (8th Cir. 1990). The Government frankly indicated to Defendant that if he chose not to accept the plea offer, additional charges for which the Government had probable cause were likely to follow. While Defendant has attempted to portray his case as a complicated legal question, in reality, this scenario is not uncommon and is not a violation of due process. So long as the Government has probable cause to believe that a defendant has committed a crime, the prosecutor may elect to bring legitimate charges and, in this same vein, may elect to use the threat of such additional charges to entice the defendant to plead guilty. See Bordenkircher, 434 U.S. at 364-65. Here, there is no dispute as to the underlying probable cause for the additional charges in the superceding indictment. Accordingly, the Government may properly prosecute Defendant for any or all of the crimes alleged in the superceding indictment.

This Court finds Judge Lebedoff's statement of the facts to be fully supported by the record before him and he applied applicable and controlling legal principles. This Court

agrees with, and adopts, Judge Lebedoff's resolution of this issue.

With respect to acceptance of responsibility, Judge Lebedoff considered all of the relevant evidence and arguments presented by Defendant, and his conclusion that the Defendant did not qualify for an acceptance of responsibility reduction in his offense level is fully supported by the record of Defendant's conduct.  Again, as aptly stated by Judge Lebedoff at the time of sentencing:

> But in the view of this court the defendant could have and should have made an effort to, during the many years that this went on, to set up some sort of an attempt for a restitution schedule.  None of that was done.
>
> That's not even taking into account the fact that while it's true he's now paid his taxes for this most recent year that's not been charged, he has several years indebtedness for his property taxes, including missing the most recent property tax payments.
>
> I'm – well, I feel that the burden hasn't been met by the defense of showing that there's an acceptance of responsibility. * * * * I cannot accept the view that the words of – the *mea culpa* expressed by the defendant constitutes acceptance of responsibility under the guidelines.  It certainly doesn't in the view of this court.

That determination, which is entitled to great deference, will not be disturbed on appeal.

Based on the foregoing, Defendant's convictions and sentence are **AFFIRMED**.

Dated: March 29, 2006

                                                  s/Richard H. Kyle
                                                  RICHARD H. KYLE
                                                  United States District Judge